# SMITH *v.* SMITH

No. 2829

February 5, 1929.                    274 P. 9.

*Talmage L. Smith,* for Appellant:

*A. J. Maestretti,* for Respondent:

## OPINION

By the Court, SANDERS, J.:

This is a suit for a divorce on the ground of non-support. The parties were intermarried in Indiana in 1898 and lived together happily, so far as appears, until March of 1926. In the year 1911 the plaintiff inherited money and property, and thereafter she purchased a farm, paying therefor $14,900, which she still owns. She owns also a furnished home in the town of Brookeville, Ind., which is worth $8,000 unfurnished. The defendant is a cigar maker by trade, and, so far as appears, supported his family solely by his earnings until the wife received an inheritance. After that the family lived upon the rentals of the farm and what the defendant earned. The defendant followed his trade in Brookeville, but about six years before this suit was filed the cigar making business in Brookeville entered upon a decline, and the man who had given employment to sixteen or more men, the defendant among them, was at the time of this suit employing only one and then but part time. About December, 1923, the defendant was taken sick and was unable to do anything for several months. After that he was employed as a state highway policeman for some time and was then let out on account of shortage of funds. While working in the cigar factory, defendant put in part time, for a while, as state oil inspector. Following his sickness the defendant was unable to obtain steady employment, which was due, however, to no lack of effort on his part.

In the early part of March, 1926, the plaintiff told her husband that they could not live together longer and that he must go. In this connection counsel for the plaintiff asked her this question: "Was the cause of your refusal to live with the defendant and to cause him to live apart from you, as you have just stated, with

reference to the trouble he brought about with the lawsuits?" To which she replied: "Yes, sir."

The defendant in his affirmative defense pleaded a judgment in his favor against the plaintiff in the circuit court of Franklin County, Ind., upon a cause of action for divorce instituted in that court by the plaintiff in April, 1926, on the ground of nonsupport which was admitted by the plaintiff's reply, but as that was apparently not urged in the lower court we will ignore it.

This suit was instituted on September 16, 1927, after the suit had been instituted and tried in Indiana, and months after the plaintiff had told the defendant to go; that they could not live together longer. The cause of action for nonsupport is based upon defendant's failure to support the plaintiff subsequent to the time he was told to go by the plaintiff.

While we do not deem it material, it may not be out of place to observe that several men and women of Brookeville, of apparently a representative type, testified as to the defendant's character and habits, and every one of them spoke of him in the highest terms. In fact, nowhere does the plaintiff question his integrity, respectability, or industry. If we can fairly estimate the man from the tone of his testimony, he is an excellent citizen and the victim of misfortune. His 15 year old daughter, who had been living with her mother, testified that her father was good to her and had always given her all the money she wanted.

Whatever else might be said about this case, it is clear that the plaintiff cannot recover. She cannot complain of the defendant's failure to support her after she had notified him to go and that they could not live together longer. The defendant had no option in the matter.

It is a well-settled rule of law that a person cannot obtain a divorce on grounds occasioned by his own misconduct. Reed v. Reed, 4 Nev. 395.

It is ordered that the judgment be reversed, and the lower court is ordered to enter a judgment and decree in favor of the defendant, at plaintiff's costs.