SIERRA PACIFIC POWER COMPANY, A MAINE CORPORATION, APPELLANT, v. RUTH E. DAY, GLORIA GUNN, AND JAMES R. DAY, RESPONDENTS.

No. 4692

April 24, 1964                                    391 P.2d 501

[Rehearing denied May 22, 1964]

*Woodburn, Forman, Wedge, Blakey, Folsom and Hug,* of Reno, for Appellant.

*Laxalt, Ross & Laxalt,* of Carson City, for Respondents.

**OPINION**

By the Court, McNAMEE, J.:

This is an action to recover damages for the alleged wrongful death of the husband and father of the plaintiffs. The verdict of the jury was for the defendant.

Appeal is from the order granting plaintiffs' motion for a new trial.

On October 27, 1961, at about 6:00 P.M., employees of defendant were making repairs to some electrical equipment near defendant's power substation on Colony Road in Smith Valley. The equipment had been damaged by strong winds earlier in the day. As it was dusk or almost dark, the employees parked two company trucks near the substation. One of these trucks, denominated a line truck, was parked facing south with a slight angle to the east on the east lane of the road, which was the lane for northbound traffic. Its headlights were on as was also a spotlight on the top of the truck which was directed on the power poles where the repairs were being made. The other truck was a pickup which was parked 50 to 75 feet south and east of the line truck on the dirt shoulder of the road. Its headlights were on and faced the substation in a southeasterly direction. Its rear wheels were just off the east border of the road. There was a small reflective or fluorescent insignia toward the front of the south side of the pickup. At the time of the accident decedent was proceeding north in the east lane when the right side of his vehicle struck the right rear of the pickup then collided with the left front of the line truck. Prior to the first impact there were no skid marks. Thereafter decedent's car left tire tread marks on the dirt shoulder of the east side of the road between the pickup and the line truck. Colony Road makes a curve about ¾ of a mile south of the substation, and about 1,500 feet therefrom it has a slight dip.

Barry Graton testified that prior to the accident he was going about 50 miles per hour when decedent passed him going in the same direction. When he rounded the turn in the Colony Road one or two minutes after the accident he could see lights ahead of him and after the dip he saw the headlights of the line truck. He slowed down and when he was 300 feet from the scene of the accident someone in the road signaled him to stop. He then saw the three vehicles in the road and stopped.

Hussman, a deputy sheriff, called to the scene after the accident testified that as he came around the bend

in Colony Road, he could see automobile headlights and also the spotlight.

Norman Dixon was driving south on Colony Road just before the accident. As he approached the substation he saw the two trucks, with their headlights burning, and also the spotlight. One-half mile south of the substation decedent who was approaching from the south passed him going north at about 60 miles per hour. He noticed nothing irregular in decedent's driving.

Louie Giovacchini was also driving south on Colony Road just before the accident. He saw the headlights of the trucks and the spotlight prior to passing the line truck. After passing the substation he saw decedent's car approach from the south with his lights on low beam. He did not appear to be driving in an irregular or abnormal fashion.

The collision forced the line truck backward about 20 to 40 feet with its rear end across the center line of the road. The decedent's vehicle came to rest about five feet south of the line truck.

After the case was submitted to the jury, they returned to the courtroom. The testimony of Hussman concerning the tire marks then was read back to them at their request. The jury deliberated approximately seven hours before returning their verdict for the defendant.

The motion for a new trial was granted upon the ground that there was manifest disregard by the jury of the instructions of the court, and upon the further ground that the evidence upon which the verdict was reached was insufficient to support the same.

At the time the motion for new trial was granted two of the grounds for the granting of such motion under NRCP 59(a) were "manifest disregard by the jury of the instructions of the court" and "insufficiency of the evidence to justify the verdict."

In granting the motion, the trial court did not specify which of its instructions the jury disregarded. The record shows that the jury was properly instructed on all phases of negligence, including contributory negligence, proximate cause, and burden of proof. If we

should determine that the court abused its discretion in granting a new trial upon the ground that the evidence was insufficient to support the verdict it necessarily would follow that the jury did not disregard the court's instructions. City of Reno v. Van Ermen, 79 Nev. 369, 385 P.2d 345.

Pursuant to the rule-making power vested in the Supreme Court by the legislature, this court, deeming it proper, ordered the deletion from NRCP 59(a) of "insufficiency of the evidence to justify the verdict or other decision, or that it is against law." This deletion resulted from the concurring opinion of THOMPSON, J., in City of Reno v. Van Ermen, supra.

First, we wish to note that although the rule authorized the granting of a new trial upon the ground of insufficiency of the evidence to "justify" the verdict, the trial court in its order granting a new trial stated that the evidence upon which the verdict was reached was insufficient to "support" the same. Inasmuch as respondent's motion for new trial used the word "justify," the paraphrasing of the rule by the district judge has, in our opinion, no significance.

A perusal of the entire record reveals no irregularity or error whatever prejudicial to the respondents. In fact, respondents were given a fair and errorless trial and one ably presented by their counsel. The jury was properly instructed with respect to contributory negligence. No objection was made to any of the instructions given or refused. There is no serious contention that the appellant was not negligent nor can it seriously be contended as a matter of law that the decedent was not guilty of contributory negligence.

In Nevada Rock and Sand Co. v. Grich, 59 Nev. 345, 93 P.2d 513, we stated approval of the following rules:

1. A verdict cannot be set aside by a trial court where no irregularity of error is shown and the verdict or decision is in accordance with and justified by the evidence.

2. Whenever a question of contributory negligence

arises upon a state of facts in regard to which reasonable men might differ, it ought to be submitted to the jury.

3. The district court ought always to use great caution in the exercise of the power to set aside verdicts of juries on the ground of insufficiency of the evidence to justify such verdicts.

We there stated that these rules are not in conflict with the rule that "trial courts should set aside verdicts where in their opinion there is a clear preponderance of evidence against them; where the scale of evidence which leans against the verdict very strongly preponderates; where they are clearly satisfied in their judgment that the evidence is unsufficient to sustain the verdicts; or where, after weighing the evidence, they think injustice has been done. * * * The rule that the trial court may not merely substitute its opinion or judgment for that of the jury has no application where that court is satisfied that an injustice has been done and that the evidence clearly preponderates against the verdict."

We have reached the conclusion herein that in any case where no irregularity or error whatsoever is shown prejudicial to a plaintiff during the trial of a negligence action and where there is a conflict in the evidence with respect to the plaintiff's (or in a wrongful death action of a decedent's) contributory negligence upon which reasonable men might differ, the question of contributory negligence should be submitted to the jury and that, under such circumstances, it is an abuse of discretion on the part of a trial court to weigh the evidence in this regard after a jury verdict for the defendant. It is error to grant a new trial under such circumstances upon the ground that the evidence was insufficient to justify the verdict. We could have decided City of Reno v. Van Ermen on this ground, as suggested by the concurring opinion therein, but we were not required to do so because there we held that the sole proximate cause of the accident was the negligence of the driver of the car involved in the accident.

Anything in Nevada Rock and Sand and later cases which are inconsistent with this conclusion is expressly overruled.

At common law a new trial could be granted where the trial court thought an injustice had been done. Shute v. Big Meadow Inv. Co., 45 Nev. 99, 198 P. 227. No such cause or ground is stated in NRCP 59(a). In any event it does not appear that any injustice had been done to the respondents by the verdict of the jury.

This court in Shute quoted with approval Scott v. Haines, 4 Nev. 426, as follows: "* * * it may be safely said that a verdict or other decision 'cannot be set aside where no irregularity or error whatever is shown, and the verdict or decision is in accordance with and justified by the evidence.' The court in such case has no more right to set aside a verdict or decision than it has to render a judgment without pursuing the forms prescribed by law. Error in some respects, or injustice in the result, alone authorizes an interference with a judgment or decree once rendered."

With the testimony of Graton that "the whole place was lighted up" and the testimony of two other witnesses coming from the north that they could see the lights although the headlights of the two trucks were facing more to the south than to the north, and with the inference from a lack of skid marks prior to the first impact that the decedent did not slow down as he approached the trucks, the question of whether or not he failed to operate his vehicle at a rate of speed which would permit him to keep it under proper control clearly was a question upon which reasonable men might differ and thus properly was submitted to the jury.

The order appealed from is reversed, and the cause remanded with directions to reinstate the verdict and the judgment based thereon.

THOMPSON, J., concurs.

ZENOFF, D. J., dissenting:

I dissent. The cause of action arose May 27, 1962, trial was held commencing May 20, 1963, motion for new

trial granted by the trial court July 10, 1963. Thereafter, NRCP (59) (a) (7) was removed by the supreme court as a ground for new trial. Our consideration should be directed to the rules as they existed at the time of the trial of the cause and the motion for new trial.

In Nevada Rock and Sand Co. v. Grich, 59 Nev. 345, 93 P.2d 513, the court stated that a verdict cannot be set aside by a trial court where no irregularity or error is shown and the *verdict or decision is in accordance with and justified by the evidence.* Further, in City of Reno v. Van Ermen, 79 Nev. 369, 385 P.2d 345, the court said, "If the verdict rests on substantial evidence, it should stand; if it does not, it should be set aside."

Agreed, there is no serious contention but that the appellant was negligent. Contrary, however, it is seriously contended as a matter of law whether or not the decedent was contributorily negligent.

Decedent was driving along a rural road during the twilight hours at a speed not unreasonable under the circumstances. He was not intoxicated nor is it claimed that he was under the influence of liquor. He came out of a dip in the road into an unusual situation where he could see the lights of one parked truck but not necessarily the other parked truck. His attention was drawn to headlights at least of the one truck on his left and a light from a spotlight shining on the substation which was under repair. There was a smaller truck parked immediately off the roadway on his right with the headlights shining to his right. There were no flares to warn that it was there. A small fluorescent decal was on the door panel of that truck but what with all the driver was called upon immediately to see, the decal can hardly serve as an adequate warning.

Decedent was 62 years old. His perception and reaction to a suddenly confronted danger created by the negligence of the appellant can be far different from the perception and reaction of the others who testified and, in my opinion, still meet the standards of an ordinarily prudent man under the circumstances. It seems apparent that the decedent swerved to the right to avoid the obstruction on the left. It appears to me to have been entirely normal to have done so.

I agree with the trial court that the verdict was not in accordance with and justified by the evidence, nor was the evidence substantial in favor of contributory negligence. To meet the test of the concurring opinion in Van Ermen, the evidence of contributory negligence did not preponderate in favor of the verdict.

BADT, C. J., being disqualified, the Governor commissioned Honorable David Zenoff, Judge of the Eighth Judicial District Court, to sit in his place.