GLADYS E. LEHTOLA AND EDWARD E. LEHTOLA, APPELLANTS, *v.* BROWN NEVADA CORPORATION, A CORPORATION, AND W. G. BROWN, RESPONDENTS.

No. 4981

April 11, 1966　　　　　　　　　412 P.2d 972

*Wilke, Fleury & Sapunor*, of Sacramento, California; and *Loyal Robert Hibbs* of Reno, for Appellants.

*Vargas, Dillon, Bartlett & Dixon* and *Robert W. Marshall*, of Reno, for Respondents.

**OPINION**

By the Court, THOMPSON, J.:

Mr. and Mrs. Lehtola received jury verdicts for $13,-500, and $5,000, respectively, which were set aside by the trial court and a judgment notwithstanding the verdicts was entered for the defendant Brown Nevada Corp. This appeal by the Lehtolas followed.

They were guests of the Nevada Inn, a motel in Reno. Upon returning to their motel room late at night, Mrs. Lehtola tripped and fell over a concrete curb or bumper strip in front of the cars parked in front of the motel units, fracturing her hip. Hospitalization, surgery and prolonged care ensued. Her damage award was to compensate for her personal injury and incidental expense, while his was for loss of consortium and other damages. In setting aside the jury verdicts and entering judgment for the defendant, the trial court ruled that the defendant was not negligent as a matter of law. We have reviewed the record with care and cannot agree. Disputed fact evidence about the construction, placement and color of the parking bumper strip, the lighting in the area, and other matters made the issue of the defendant's negligence one for jury resolution. Accordingly, the judgment notwithstanding the jury verdicts must be set aside and the verdicts reinstated for this reason alone. However, as a full opinion discussing conflicts in the evidence would have no value

as precedent, we choose to consider a subordinate procedural ground advanced by the appellants which, we think, is equally valid.

At the close of the plaintiffs' case in chief, the defendant moved for involuntary dismissal pursuant to NRCP 41(b). The judge reserved ruling and the defendant presented his case. Thereafter, the judge did not rule on the 41(b) mid-trial motion, nor did the defendant move for a directed verdict at the close of the case. Cf. Sobrio v. Cafferata, 72 Nev. 145, 297 P.2d 828 (1956). The defendant now argues that it was permissible for the lower court to treat the mid-trial motion as a motion for a directed verdict at the close of the case, thereby supplying the necessary foundation for the later motion for judgment n.o.v. We cannot agree.[1]

---

[1]NRCP 41(b) reads as follows: "For failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has failed to prove a sufficient case for the court or jury. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, or for lack of an indispensable party, operates as an adjudication upon the merits."

NRCP 50 reads as follows: "(a) Motion for Directed Verdict: When Made; Effect. A motion for a directed verdict may be made at the close of the evidence offered by an opponent or at the close of the case. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury. If the evidence is sufficient to sustain a verdict for the opponent, the motion shall not be granted.

"(b) Motion for Judgment Notwithstanding the Verdict. Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the

It is, of course, true that a 41 (b) motion for involuntary dismissal made at the close of the plaintiffs' case in chief, and a 50 (a) motion for a directed verdict made at the close of the plaintiffs' case in chief, are functionally indistinguishable. 2B Barron & Holtzoff, § 919; 5 Moore's Federal Practice 1043; Cranston Print Works

---

motion. Not later than 10 days after service of written notice of entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial.

"(c) Same: Conditional Rulings on Grant of Motion. (1) If the motion for judgment notwithstanding the verdict, provided for in subdivision (b) of this rule, is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment. In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered. In case the motion for a new trial has been conditionally denied, the appellee on appeal may assert error in that denial; and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.

"(2) The party whose verdict has been set aside on motion for judgment notwithstanding the verdict may serve a motion for a new trial pursuant to Rule 59 not later than 10 days after service of written notice of entry of the judgment notwithstanding the verdict.

"(d) Same: Denial of Motion. If the motion for judgment notwithstanding the verdict is denied, the party who prevailed on that motion may, as appellee, assert grounds entitling him to a new trial in the event the appellate court concludes that the trial court erred in denying the motion for judgment notwithstanding the verdict. If the appellate court reverses the judgment, nothing in this rule precludes it from determining that the appellee is entitled to a new trial, or from directing the trial court to determine whether a new trial shall be granted."

Co. v. Pub. Serv. Co. of N.C., 291 F.2d 638 (4th Cir. 1961); Manger v. Kree Institute of Electrolysis, 233 F.2d 5 (2d Cir. 1956).[2] However, it does not follow that a 41(b) motion at the close of the plaintiffs' case may serve as a motion for a directed verdict as contemplated by Rule 50 to establish a basis for a subsequent motion for a judgment n.o.v. A 50(a) motion must be made at the close of all the evidence if the movant wishes later to make a postverdict motion under that rule. Such, we think, is the fair intendment of Rule 50, the necessary implication of Sobrio v. Cafferata, supra, and the holding of many cases collected in 69 A.L.R.2d 449 at 478 and 97 L.Ed. 90. A 41(b) mid-trial motion necessarily tests the evidence as it then exists. Here the court reserved ruling on that motion. Thereafter, the complexion of the case changed as the defendant offered evidence. The record does not show that at the close of the case the defendant requested a ruling on the mid-trial motion, 6551 Collins Avenue Corp. v. Millen, 104 So.2d 337 (Fla. 1958), and no motion was made for a directed verdict. Nothing occurred. The lower court, therefore, was not authorized to entertain a postverdict motion under 50(b).

The judgment n.o.v. for the defendant is reversed; the jury verdicts for plaintiffs are reinstated with direction to enter judgment thereon. Appellants are allowed costs on appeal.

ZENOFF, D. J., and MARSHALL, D. J., concur.

---

[2]The Federal Rules of Civil Procedure, as amended 1963, make 41(b) applicable only to non-jury cases. Nevada has not adopted the amendment.