**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD CHUDACOFF, M.D., | Nos. 09-17558 and 09-17652 |
| Plaintiff-Appellant/<br>Cross-Appellee, | D.C. No. 2:08-cv-00863-ECR-RJJ |
| v. | MEMORANDUM[*] |
| UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, a political subdivision of Clark County, State of Nevada; BRUCE L. WOODBURY, TOM COLLINS, CHIP MAXFIELD, LAWRENCE WEEKLY, CHRIS GIUNCHIGLIANI, SUSAN BRAGER, and RORY REID, Clark County Commissioners, ex-officio, the Board of Trustees of University Medical Center of Southern Nevada; KATHLEEN SILVER, an individual; THE MEDICAL AND DENTAL STAFF OF THE UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA; JOHN ELLERTON, M.D., an individual; MARVIN J. BERNSTEIN, M.D., an individual; DALE CARRISON, M.D., an individual; DONALD ROBERTS, M.D., an individual, | |
| Defendants-Appellees/<br>Cross-Appellants. | |

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Argued and Submitted December 9, 2010
San Francisco, California

Before:  REINHARDT, HAWKINS, and N.R. SMITH, Circuit Judges.

In a separate opinion filed concurrently with this memorandum disposition, we reversed the district court's grant of summary judgment on Dr. Richard Chudacoff's ("Chudacoff") due process claims in favor of Defendants John Ellerton, Dale Carrison, Marvin Bernstein, and Donald Roberts, voting members of the Medical Executive Committee ("MEC") of the Medical and Dental Staff at the University Medical Center of Southern Nevada ("UMC").  With respect to Chudacoff's defamation and negligence per se claims under Nevada state law, we affirm as to all Defendants, and we therefore need not reach the issue of immunity under the Health Care Quality Improvement Act ("HCQIA") raised on cross-appeal. [1]

**I. State Law Claims**

**A.  Defamation**

_____

[1] HCQIA immunity cannot shield Defendants from liability for damages sought under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, or the federal or state Constitutions, and is thus irrelevant to Chudacoff's due process claims. *See* 42 U.S.C. § 11111(a) (2006); *Patrick v. Burget*, 486 U.S. 94, 105 n.8 (1988); *Austin v. McNamara*, 979 F.2d 728, 733 (9th Cir. 1992).

2

To establish defamation under Nevada state law, Chudacoff must show: (1) Defendants made a false and defamatory statement about him; (2) the publication was not privileged; (3) Defendants were at least negligent if not more at fault; and (4) he suffered actual or presumed damages as a result. *Simpson v. Mars, Inc.*, 929 P. 2d 966, 967 (Nev. 1997) (citing *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 462 (Nev. 1993)).

The district court correctly granted summary judgment because the sole alleged defamatory statement, Ellerton's adverse report to the National Practitioners Data Bank ("NPDB"), was made pursuant to the HCQIA's statutory reporting requirements and was therefore conditionally privileged. *See* 42 U.S.C. §§ 11133(a)(1)(A) & (a)(3), 11134; 45 C.F.R. §§ 60.1, 60.3, 60.5(d), 60.11(a)(1)(i) & (b); *Circus Circus Hotels, Inc. v. Witherspoon*, 657 P.2d 101, 105 (Nev. 1983) (qualified or conditional privilege available "where a defamatory statement is made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a right or a duty, if it is made to a person with a corresponding interest or duty"); *see also Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1133 & n.10 (9th Cir. 1994) (collecting cases finding qualified privilege under similar circumstances of information-sharing between current and prospective employers about employee's performance).

3

Furthermore, although the content of the NPDB report was ultimately modified, Chudacoff presents no evidence that Ellerton acted with malice in fact in filing the initial report. *See Circus Circus*, 657 P.2d at 105 & n.2. Chudacoff has shown neither "spite or ill will or some other wrongful motivation," *see id.*; *see also* Nev. Rev. Stat. 41.332, nor "a high degree of awareness of the probable falsity" of the report on the part of Ellerton, *see Nev. Indep. Broad. Corp. v. Allen*, 664 P.2d 337, 344 (Nev. 1983) (internal quotation marks and alterations omitted). The question of malice "goes to the jury only if there is sufficient evidence for a jury reasonably to infer that the publication was made with malice in fact," and Chudacoff has not met this burden of production. *See Circus Circus*, 657 P.2d at 105 (internal citations omitted).

**B. Negligence Per Se**

Chudacoff is under the mistaken impression that violation of his due process rights, without more, establishes negligence per se as a matter of Nevada law. A negligence per se claim arises only when a duty is created by statute and "the injured party is in the class of persons whom the statute is intended to protect and the injury is of the type against which the statute is intended to protect." *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1283 (Nev. 2009) (internal citation omitted). Chudacoff has neither asserted nor established that § 1983, even if violated here, was designed specifically to protect hospital physicians as a class, and while the MEC's

4

deviation from the hospital's administrative guidelines may be evidence of negligence, it does not give rise to a claim for negligence per se. *See Price v. Sinnott*, 460 P.2d 837, 840 (Nev. 1969).

## II. HCQIA Immunity

Defendants cross-appeal from that part of the April Order determining defendants are not entitled to immunity under the HCQIA for failure to comply with its statutory requirements.

We affirm the district court's grant of summary judgment as to Chudacoff's state law claims and therefore need not consider whether the HCQIA would immunize defendants from damages liability arising from those claims.[2]

**AFFIRMED.**

---

[2] Were we to reach the issue, we would be inclined to affirm the denial of HCQIA immunity. Although the district court erred in treating noncompliance with 42 U.S.C. § 11112(b)'s "safe harbor" provision as automatically preclusive of HCQIA immunity, Defendants not only failed to provide Chudacoff with notice and hearing as prescribed by the "safe harbor" provision prior to suspension of his privileges, but also failed to provide him with any reasonable alternative procedures. Defendants' actions do not satisfy the fairness requirements under 42 U.S.C. § 11112(a), nor can Chudacoff's more-than-fourteen-day suspension be justified as a summary or health-emergency suspension under 42 U.S.C. § 11112(c), particularly when Defendants have already conceded that it was *not* a summary suspension but rather a "routine administrative action." *See Chudacoff v. Univ. Med. Ctr. of S. Nev. ("Chudacoff I")*, 609 F. Supp. 2d 1163, 1171 (D. Nev. 2009).