# IN THE SUPREME COURT OF THE STATE OF NEVADA

CASH ASSET MANAGEMENT, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; LLG HOLDINGS, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; MUSTANG MEMORIES,
LLC, A NEVADA LIMITED LIABILITY
COMPANY; CASH PROCESSING
SERVICES, LLC; AND NORTHERN
NEVADA FUNDING, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Appellants,
vs.
TG INVESTMENTS, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Respondent.

No. 65104

FILED

APR 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court judgment after a jury verdict in a contract and real property action. First Judicial District Court, Storey County; James E. Wilson, Judge.

Respondent TG Investments, LLC (TGI) loaned appellant Cash Asset Management, LLC (CAM) $2,250,000 so that CAM could open and operate a brothel in Storey County. The loan was secured by a deed of trust on the real property where the brothel was located and required CAM to maintain a license for the brothel, fight any revocation of the license, and pay TGI interest including a percentage of the gross revenues. CAM stopped paying TGI the interest, and TGI filed the underlying action. While the action was pending, a Storey County ordinance

governing brothels was amended and the Storey County Brothel Licensing Board revoked the brothel's license. A jury found that CAM breached the contract and the covenant of good faith and fair dealing. Based on the jury's verdict, the district court entered a judgment against CAM finding that it owed TGI $1,909,378.67 and ordered the encumbered real property sold with the proceeds to be applied to CAM's debt to TGI. CAM filed motions for judgment as a matter of law, a new trial, and to alter or amend the judgment, which were all denied. This appeal followed.

Having considered the parties' arguments and the record on appeal, we conclude that the district court properly denied CAM's original and renewed motions for judgment as a matter of law. *See Nelson v. Heer*, 123 Nev. 217, 222-23, 163 P.3d 420, 424 (2007) (explaining that this court views the evidence and all inferences in favor of the nonmoving party and reviews de novo an order denying a motion for judgment as a matter of law). CAM admitted that it breached the contract by acknowledging that it owed TGI $26,861 in underpaid interest and by conceding at trial that it failed to appeal the license revocation. Further, the jury could draw reasonable inferences from the evidence offered that CAM failed to fight the revocation of the license and that CAM influenced the amendment of the brothel ordinance and sought the revocation of the license in an effort to void its obligations to TGI. Thus, there was sufficient evidence supporting the jury's verdict that CAM breached the contract and the covenant of good faith and fair dealing.

Additionally, the district court did not abuse its discretion in denying CAM's motion for a new trial because there was no irregularity in the proceedings, the jury did not manifestly disregard the jury

instructions, and the damages were not excessive. *See Bayerische Motoren Werke Aktiengesellschaft v. Roth*, 127 Nev. 122, 133, 252 P.3d 649, 657 (2011) (explaining that this court reviews the denial of a motion for a new trial for an abuse of discretion). While TGI elicited testimony concerning the appropriateness of the brothel license revocation, because such testimony was relevant to show arguments that CAM could have made if it had challenged the revocation, TGI did not make collateral attacks on the brothel ordinance or the Storey County Brothel Licensing Board's revocation of the license. Further, because there was no evidence that if TGI had applied for a brothel license, the brothel's license would not have been revoked, it was possible for the jury to reach its verdict while applying the jury instruction concerning mitigation of damages. *See Price v. Sinnott*, 85 Nev. 600, 606, 460 P.2d 837, 840 (1969) (providing that a new trial is unwarranted when it is possible for the jurors to reach the verdict that they reached after properly applying all jury instructions to the evidence presented at trial). Also, the damages awarded were not excessive as they were less than the amount of damages presented by one of the expert accountants.

Lastly, the district court did not abuse its discretion in denying CAM's motion to alter or amend the judgment's order for the sale of the property securing the debt. *See AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010) (explaining that this court reviews an order denying a motion to alter or amend a judgment for an abuse of discretion). TGI only pursued one action, the underlying action, to recover the debts owed to it by CAM. And after the jury found that CAM had breached the contract and the covenant of good

faith and fair dealing and established the amount of CAM's debt, the court properly ordered the property sold under NRS 40.430 (2013) to satisfy the debt. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:    Hon. James E. Wilson, District Judge
       Debbie Leonard, Settlement Judge
       Gunderson Law Firm
       Law Offices of Mark Wray
       Storey County Clerk