NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANET BROWN, an individual; et al., | No.   22-17025 |
| Plaintiffs-Appellants, | D.C. Nos. |
| v. | 3:19-cv-00207-MMD-CSD |
| | 3:19-cv-00383-MMD-WGC |
| | 3:19-cv-00418-MMD-WGC |
| UNITED STATES OF AMERICA, | 3:19-cv-00424-MMD-WGC |
| Defendant-third-party-plaintiff-Appellee, | MEMORANDUM* |
| v. | |
| FLYING START AERO, LLC; ESTATE OF JOHNNY BROWN, AKA John Brown, | |
| Third-party-defendants-Appellants. | |

| | |
|---|---|
| JOCELYN ELLIKER; et al., | No.   22-17027 |
| Plaintiffs-Appellants, | D.C. Nos. |
| | 3:19-cv-00207-MMD-CSD |
| v. | 3:19-cv-00383-MMD-WGC |
| | 3:19-cv-00418-MMD-WGC |

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Appeal from the United States District Court
for the District of Nevada
Miranda Du, Chief District Judge, Presiding

Argued and Submitted May 16, 2024
San Francisco, California

Before: LEE and BRESS, Circuit Judges, and KANE,[**] District Judge.

John Brown and his passenger, James Elliker, flew into Reno-Tahoe International Airport in August 2016. Gregory Nicoll, a local air traffic controller, sequenced Brown for landing. As Brown neared the airport, he flew into the wake turbulence of a nearby Boeing 757, which caused his plane to crash. Brown and Elliker were both killed. Their families sued the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, alleging negligence on the part of air traffic control. The district court, after a bench trial, rejected those claims, finding that Nicoll neither breached his duties nor was the cause of the crash. We reverse the district court's no-breach finding and remand for the district court to reconduct its causation analysis.

1.    The FTCA provides a limited waiver of sovereign immunity for

---

[**]    The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

"personal injury or death caused by the negligent or wrongful act or omission" of federal employees acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). FTCA claims are governed by the law of the state where the act or omission occurred—here, Nevada law. *Richards v. U.S.*, 369 U.S. 1, 11 (1962). In Nevada, to prevail on a negligence claim, plaintiffs must "establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Clark Cnty. Sch. Dist. v. Payo*, 403 P.3d 1270, 1279 (Nev. 2017).

Appellants, the Brown and Elliker parties, contend that the district court erred in determining the scope of Nicoll's duties. We review that question of law de novo. *Armstrong v. U.S.*, 756 F.2d 1407, 1409 (9th Cir. 1985); *see also Rudelson v. U.S.*, 602 F.2d 1326, 1329 (9th Cir. 1979).

There are two types of separation procedures that are generally used to prevent wake turbulence encounters like the one that occurred here. The first procedure is controller-applied radar separation, in which air traffic controllers use radar to guide pilots according to established minimum spacing requirements. The second procedure is pilot-applied visual separation, in which pilots make visual contact with other planes and maintain separation without direction from controllers. The Federal Aviation Administration (FAA), in its guidance manual for controllers, prescribes procedures and phraseology by which a controller terminates radar separation and transfers responsibility to the pilot to maintain visual separation. *See* FAA Order

3

7110.65 (the "ATC Manual").[1]  Specifically, section 7-2-1 of the ATC Manual instructs controllers to (1) "tell the pilot about the other aircraft"; (2) "obtain acknowledgement from the pilot that the other aircraft is in sight"; and (3) "instruct the pilot to maintain visual separation from that aircraft."  One of the notes in the ATC Manual elaborates that "[p]ilot-applied visual separation between aircraft is achieved when the controller has instructed the pilot to maintain visual separation and the pilot acknowledges with their call sign or when the controller has approved pilot-initiated visual separation."

The parties agree that Nicoll failed to follow ATC Manual section 7-2-1.  At 5:58 p.m., Brown relayed to Nicoll that he had a "visual" on the "airliner . . . for the right."[2]  But Nicoll did not instruct Brown to maintain visual separation, nor did Nicoll receive express confirmation from Brown that he was engaging in visual separation.  This reflected a clear breach of the ATC Manual.  The parties dispute, however, whether this was likewise a breach of Nicoll's legal duty of care.

---

[1] On the date of the accident, version JO 7110.65W of the ATC Manual was in effect.

[2] The district court did not clearly err in concluding that the "airliner . . . for the right" referred to FedEx 1359, the Boeing 757 involved in Brown's fatal crash. *See Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 612 (9th Cir. 2020) (standard of review).  But this factual determination does not necessarily resolve the question of whether (i) Nicoll complied with the ATC Manual's requirements and (ii) any non-compliance would be a breach under Nevada state law.

In airplane tort cases, courts "seek guidance on the standard of care from the Federal Aviation Regulations and from general aviation law." *Dyer v. U.S.*, 832 F.2d 1062, 1069 (9th Cir. 1987). Under that guidance, controllers "have the duty to perform their required functions with reasonable care, and to at least issue instructions and clearances in accordance with the air traffic control manual." *Armstrong*, 756 F.2d at 1409 (internal citations omitted). As an internal agency order, the ATC Manual does not carry the force of law necessary to support a negligence per se claim under Nevada law. *See Price v. Sinnott*, 460 P.2d 837, 840 (Nev. 1969). But it is still "evidence of the standard of care" and thus should be considered when evaluating the reasonable actions of an air traffic controller. *Dyer*, 832 F.2d at 1069.

We conclude that Nicoll's failure both to instruct Brown to maintain visual separation and to obtain confirmation from Brown that he began applying visual separation constituted a breach of Nicoll's duty. Requiring air traffic controllers to follow these procedures imposes a minimal burden, yet provides an obvious safety benefit by clearly delineating responsibilities between the pilot and air traffic control during a potentially perilous situation. *Cf. Lee v. GNLV Corp.*, 22 P.3d 209, 212 (Nev. 2001) ("The law is clear that if a legal duty exists, reasonable care under the circumstances must be exercised."). Notably, Nicoll offered no justification for his failure to issue that instruction or his failure to confirm that Brown was safely

5

visually separating.  To be clear, we are not mandating strict adherence to the ATC Manual nor requiring "magic words" from air traffic controllers.  But given the de minimis burden placed on Nicoll and the substantial interest to Brown of knowing precisely when he was no longer receiving controller-applied radar separation, we cannot say that Nicoll acted reasonably in the circumstances before us.

2.      In addition to concluding that Nicoll did not breach any duty to Brown, the district court also concluded that Brown's negligence claim failed because "Brown's negligence was the sole and proximate cause of the crash."  That finding, however, appears to have been premised in part on the district court's view that Nicoll did not act negligently.  But for the reasons we have explained, we do not agree that Nicoll satisfied his duty of initiating pilot-applied visual separation.  We therefore cannot affirm the district court's no-causation finding on the grounds currently offered in its support.

On remand, the district court should reevaluate whether Brown was the sole proximate cause of the crash in light of our conclusion that Nicoll breached his duty of reasonable care.  We express no opinion on whether Nicoll's breach was a substantial factor in the accident.  The district court should conduct a renewed causation analysis that, if applicable, considers Nevada's doctrines of intervening cause and comparative negligence.

**VACATED** and **REMANDED.**

6