FRED L. EIKELBERGER AND MARGARET A. EIKEL–
BERGER, Appellants, v. JOHN L. TOLOTTI AND
MARY ELLEN TOLOTTI, Respondents.

No. 6558

December 30, 1974                    530 P.2d 104

*Lohse and Lohse,* of Reno, for Appellants.

*Stewart, Horton & McKissick, Ltd.,* of Reno, for Respondents.

## OPINION

*Per Curiam:*

This appeal is from a judgment by which the district court sought to adopt and implement the report of a court-appointed master, determining an accounting between appellants and respondents. The action primarily involved monetary disputes regarding operation of the Y-Rancho Trailer Park in Sparks, Nevada, for a period prior to October of 1966, as well as other issues relating to the parties' business dealings.

The parties agree that because of a clerical error the district court gave respondents judgment for more than the master ascertained to be owing. But for such admitted clerical error appellants would owe respondents the principal sum of $404.53, if the master's determinations had themselves all been correct. However, we believe the master incorrectly decided that appellants were accountable to respondents for $1,365.95 as the result of a transaction involving certain electric transformers.[1] Hence, on claims litigated in this action, respondents owe appellants the principal sum of $961.42, plus interest.

It appears that in the belief that respondents had prevailed, the district court ordered appellants to pay the entire master's fee, all costs, and a fee for respondents' attorney. Of course, since respondents did not prevail, the award of attorney fees was clearly erroneous. The district court should reconsider the allocation of the master's fee and costs, and an award of counsel fees to appellants, in the light of this opinion. In accord with NRS 18.060, appellants may claim their costs in this court by timely filing of a proper cost bill.

Other assignments of error have been considered and found to be without merit.

This matter is reversed and remanded for the limited purposes indicated above, and for entry of an appropriate amended judgment.

---

[1]In our view, respondents have no just claim either to the transformers, which appellants purchased only because the power company wrongfully refused to supply them, or to the $1365.95 which appellants ultimately forced the power company to reimburse them for the transformers. The document under which appellants constructed the trailer park on which the transformers were placed provided: "The lessors [respondents] agree to pay over the sum of $30,000.00 to lessees [appellants], notwithstanding the fact that the 60 trailer rental spaces may be constructed for less than said sum."