GARY MICHEL FOX, APPELLANT, v. EDWARD J. CUSICK AND PHENAMAYE CUSICK, RESPONDENTS.

No. 7274

March 28, 1975                    533 P.2d 466

*Paul C. Parraguirre,* of Las Vegas, for Appellant.

*Wiener, Goldwater and Galatz,* and *J. Charles Thompson,* of Las Vegas, for Respondents.

---

## OPINION

By the Court, THOMPSON, J.:

This action was commenced by Edward and Phenamaye Cusick to recover damages for personal injuries sustained in an automobile accident. Their car was struck in the rear by a car driven by the defendant, Gary Fox. A jury returned its verdict for Fox. The Cusicks timely moved for a judgment notwithstanding the verdict, or in the alternative, for a new trial. The district court denied their motion for judgment n.o.v. but granted a new trial because of its belief that the verdict was against the weight of the evidence. This appeal by Fox challenges that ruling.

Rule 59 relating to new trials was amended in 1964 to eliminate as a ground for a new trial "insufficiency of the evidence

to justify the verdict." Even before that amendment the trial court was obliged to use great caution in the exercise of its power to set aside a jury verdict upon that ground. Sierra Pacific Power Co. v. Day, 80 Nev. 224, 229, 391 P.2d 501 (1964). The aim of the amendment is to preclude a trial court from substituting its view of the evidence for that of a jury in a case where the losing party is not entitled to judgment as a matter of law. However, if we perceive plain error or a showing of manifest injustice we may sustain the lower court in ordering another trial. Price v. Sinnott, 85 Nev. 600, 607, 460 P.2d 837 (1969); cf. Amundsen v. Ohio Brass Co., 89 Nev. 378, 381, 513 P.2d 1234 (1973). The Cusicks, respondents to this appeal, suggest that this case falls within the Price v. Sinnott, supra, rationale, and that we should sustain the lower court. They contend that in this case, as in Price v. Sinnott, the jury manifestly disregarded the instructions of the court regarding proximate cause and negligence.

Generally, the issue of proximate cause is one of fact. Barreth v. Reno Bus Lines, 77 Nev. 196, 360 P.2d 1037 (1966). In a case such as this, that issue, of course, concerns not only the cause of the collision, but as well, the cause of the damages for which compensation is sought. Unlike Price v. Sinnott, we are wholly unable to declare in this case that had the jurors properly applied the instructions of the court "it would have been impossible for them to reach the verdict which they reached." Price v. Sinnott, supra, at 606.

The accident occurred on the four-lane Desert Inn Road in front of the entrance to the Sahara Nevada Golf Course. The traffic was light and the weather was clear. Cusick was driving east in the right-hand travel lane. His wife was riding with him. As he approached the entrance to the golf course he slowed in preparation for a right turn into the parking lot. He put on the automatic turn signal. He then noticed a young boy on a bicycle traveling west towards him next to the curb and in such manner that his path would cross in front of the Cusick car as it was turning into the parking lot. Cusick stopped. The boy also stopped. Cusick then motioned for the boy to pass in front of the car. The boy started to do so.

Meanwhile, Gary Fox also was driving east in the right-hand travel lane behind the Cusick car. His attention was momentarily diverted by a boat on a trailer in the right-hand parking lane. When his attention was again drawn to the Cusick car in front of him it was too late. Although he applied his brakes, honked the horn and attempted to turn to the left,

he had come upon the Cusick car too closely and struck it in the rear. Each car sustained major damage. The Cusicks do not seek to recover for car damage, but do request compensation for neck and back injuries claimed to have been caused by the accident.

Mrs. Cusick was immediately taken to the hospital, examined by a doctor and released. That doctor did not testify. She received no further treatment. Mr. Cusick was not examined at that time. The next day they returned to their California home. Three days after that, Mr. Cusick visited his doctor. He lost no time from his employment.

The record reveals that Mr. Cusick had injured his back long before the accident and had recurring problems with it. His doctor testified that his pre-existing back condition was aggravated by the accident. The record also shows that sometime after the accident and before this action was commenced, Mr. Cusick strained and twisted his back and again received medical treatment. Much of the jury argument of counsel dwelled upon whether Mr. Cusick's back complaints were aggravated by the accident, or were due to other misadventures.

It was for the jury to weigh the evidence and assess the credibility to be accorded the several witnesses. It is impossible for us to know whether the jury found for the defendant Fox because of a belief that he did not proximately cause the collision, or because of a belief that the Cusicks did not truly sustain personal injuries as a result of the collision. With regard to the matter of injury and damage, it was within the province of the jury to decide that an accident occurred without compensable injury. The fact that the weight of the evidence bearing on cause may have been against the verdict returned in the view of the trial judge, does not invest him with authority to order that the cause be tried again.

The order granting a new trial is reversed and the jury verdict is reinstated.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.