FRED L. EIKELBERGER, MARGARET A. EIKELBERGER, AND Y-RANCHO TRAILER SALES, APPELLANTS, v. LONERGAN CORPORATION, AN INDIANA CORPORATION, RESPONDENT.

No. 8160

May 13, 1976                                        549 P.2d 748

*Lohse and Lohse, Chartered,* of Reno, for Appellants.

*Stewart & Horton, Ltd.,* of Reno, for Respondent.

## OPINION

*Per Curiam:*

Judgment for $15,970.43, plus attorneys' fees, interest and court costs, was entered against the Eikelbergers and in favor of Lonergan Corporation on April 22, 1968. There was no appeal from the uncontested summary judgment. Two years later the parties entered into an agreement wherein the judgment debtors, the Eikelbergers, stipulated to an orderly installment liquidation of the judgment. In course of time the Eikelbergers ceased paying. After proceedings for execution were commenced the original stipulation was reinstated by the Eikelbergers agreeing to bring the account current and renewing their monthly payments. However, they again defaulted and full payment of the balance then due was demanded.

During the course of the foregoing period of time the Lonergan Corporation sold and assigned its judgment to Tolotti who

had been often involved in acrimonious litigation with the Eikelbergers. See Eikelberger v. Tolotti, 90 Nev. 463, 530 P.2d 104 (1974); Eikelberger v. Tolotti, 90 Nev. 465, 530 P.2d 105 (1974); Tolotti v. Eikelberger, 90 Nev. 466, 530 P.2d 106 (1974); Eikelberger v. Rogers, 92 Nev. 282, 549 P.2d 748 (1976). Eikelberger now contends that because Tolotti purchased the judgment against them for half its value and since he was their judgment debtor by reason of the previous litigation that he should not get a benefit of a profit against them.

This particular appeal is from an order "respecting funds on deposit," that is, an order adjudicating the amount still due on the Lonergan judgment and directing satisfaction from the cash bond put up by the Eikelbergers presumably as an appeal from a special order made after final judgment. NRAP Rule 3A(b)(2). The order was issued after the trial court had first set aside an execution sale scheduled against the property of the Eikelbergers but required them to post a $10,000.00 cash bond pending a hearing on their contentions that the Lonergan judgment was either in fact paid, or mostly paid, or at least that the liquidation agreement should be reinstated.

After a hearing the court found that $8,936.84 remained due on the Lonergan judgment and directed that sum to be paid over in favor of Tolotti from the cash bond and the balance released to the Eikelbergers. The question of offset of the money owed to the Eikelbergers by Tolotti was one of the matters litigated at the hearing.

The basis of this appeal is Eikelberger's claim that it was manifestly unfair that Tolotti be permitted to profit on the one judgment while still owing them on the other.

We see no justiciable issue. The matter of offset and proffered payments was fully litigated by the trial court and substantial evidence to support its ruling is contained in the record. In the absence of a showing of fraud, and none is alleged, the purchase by Tolotti of the Lonergan judgment is permissible. The trial court has the right by statute to direct the course of the execution. NRS 21.340. There is no merit to the appeal.

Affirmed.