FRED L. EIKELBERGER AND MARGARET A. EIKELBERGER, APPELLANTS, v. JOHN TOLOTTI AND MARY ELLEN TOLOTTI, RESPONDENTS.

No. 9113

February 8, 1978

574 P.2d 277

*Douglas G. Lohse,* Reno, for Appellants.

*Stewart and Horton, Ltd.,* Reno, for Respondents.

---

[1]The Governor designated Hon. Michael E. Fondi, Judge of the First Judicial District, to sit in place of HON. NOEL E. MANOUKIAN, Justice, who voluntarily disqualified himself in this case. Nev. Const. art. 6, § 4.

## OPINION

By the Court, MOWBRAY, J.:

The principal issue presented is whether the jury erred in failing to assess adequate rent, damages, and prejudgment interest in an action brought by Appellants Eikelbergers against Respondents Tolottis.

This is the latest in a series of cases that have reached this court involving the same parties and the leasing of the Y-Rancho Trailer Park. *See* Eikelberger v. Tolotti, 90 Nev. 463, 530 P.2d 104 (1974); Eikelberger v. Tolotti, 90 Nev. 465, 530 P.2d 105 (1974); and Tolotti v. Eikelberger, 90 Nev. 466, 530 P.2d 106 (1974), which adjudicated the rights of the parties in the trailer park for the period prior to January 1, 1972.

This case involves the period from January 1, 1972, to October 31, 1973. During this time, the Manzos (not parties to this action) and the Tolottis were fee owners of the trailer park and were lessors under a master lease executed November 11, 1957. The Eikelbergers were lessees under the 1957 lease and were sublessors of the park, with the exception of the laundry room, under a sublease back to the Tolottis executed September 1, 1964. Under the terms of the sublease, the Tolottis, who were operating the park during the period involved in this case, were to keep accurate accounts and pay the Eikelbergers the net income of the trailer park, if any, in excess of $1,000 per month. In August 1972, the Eikelbergers, through their attorney, sent the Tolottis a notice of termination of the sublease, based upon alleged breaches of the sublease provisions related to rent and accountings for the period 1965–1971.

1. On September 15, 1972, the Eikelbergers, as sublessors, instituted this action against the Tolottis, as sublessees and tenants holding over, praying primarily for possession, back rent, and damages.

The master lease expired on October 31, 1973. The major issues at trial, therefore, were (1) the amount, if any, of back rent due the Eikelbergers under the sublease after January 1, 1972; (2) whether, as the Eikelbergers claimed, the sublease had been validly terminated in August 1972; and (3), if so, what damages were due the Eikelbergers for the Tolottis' wrongful possession of the park from August 1972 to October 31, 1973.

The jury found for the Eikelbergers, assessing rent and damages at $16,206.83, with $2,722.62 interest to the time of trial. In answer to a special interrogatory, the jury also found that the sublease had been breached by the Tolottis and validly terminated by the Eikelbergers.

Appellants then moved for additur or, in the alternative, for a new trial on the issue of damages. Respondents opposed the motion and submitted a motion for remittur. Both motions were denied. Appellants filed notice of appeal from the jury verdict, the judgment entered thereon, and the order denying appellants' alternative motion for additur or a new trial.

2. Appellants assert that the jury erred (1) in failing to award rent and damages in the sum of $27,112.13, the net profit of the park as calculated by their accountants, deducting $1,000 per month only until termination of the sublease in August 1972, and (2) in failing to grant prejudgment interest from the time each payment became due.

This court has held that additur is appropriate upon a determination that the damages awarded by a jury are "clearly

inadequate, and if so, [that] the case would be a proper one for granting a motion for a new trial." Drummond v. Mid-West Growers Cooperative Corp., 91 Nev. 698, 712, 542 P.2d 198, 208 (1975). Appellants, therefore, must show both that the verdict is clearly inadequate and that a new trial should have been granted.

Appellants' alternative motion for a new trial on the issue of damages was based upon NRCP 59(a), which provides that a new trial may be granted on the ground, among others not available to appellants here, of "[m]anifest disregard by the jury of the instructions of the court." NRCP 59(a)(5). Insufficiency of the evidence to support the verdict is no longer a basis for such motion, in the absence of a showing of "plain error or a showing of manifest injustice." Fox v. Cusick, 91 Nev. 218, 220, 533 P.2d 466, 467 (1975). Appellants must show that "had the jurors properly applied the instructions of the court 'it would have been impossible for them to reach the verdict which they reached.' " Price v. Sinnott, 85 Nev. 600, 606, 460 P.2d 837, 840 (1969), as quoted in Fox v. Cusick, 91 Nev. at 220, 533 P.2d at 467.

Examination of the jury verdict as to rent, damages, and interest reveals that appellants have not demonstrated either that the verdict is clearly inadequate or that it represents manifest disregard of the court's instructions.

A. *Rent.*

As the jury verdict consolidated rent and damages, it is impossible to ascertain how much of the $16,206.83 sum was allocated to each by the jury. Appellants are entitled only to rent under the terms of the sublease until August 1972. According to the figures supplied by appellants' accountants, accrued rental from January to August 1972 amounted to $7,674.04, against which must be credited payments of $9,677.

If payments received as noted in appellants' accounting are first credited to accrued interest, at the statutory rate, the Tolottis had fully paid the rent owed under the sublease by March 1973.

The jury was therefore entitled, on the basis of the evidence submitted by appellants, to conclude that no rent was due the Eikelbergers under the sublease as of the time of the trial in March 1976.

B. *Damages.*

Appellants claim that, after valid termination of the sublease, as found by the jury, they were entitled to the entire profits of the trailer park, without deduction of $1,000 per month

as provided in the sublease. They claim that the total rents and damages thus due, after crediting the Tolottis with payments made and applying those payments first to accrued interest, amounted to $27,112.13. Respondents, on the other hand, point out that if $1,000 per month during the period of respondents' holding over (14 months) is deducted from this figure, the result is some $3,000 less than the jury verdict.

The only instruction submitted to the jury relating to damages simply instructed them, upon a finding that the sublease had been validly terminated, to determine "the amount of the damages suffered by Eikelbergers because of Tolottis' continued possession of the trailer park." The instructions were not objected to in trial court, nor are they questioned on appeal. In order to prevail, then, appellants must demonstrate, which they have failed to do, that had this instruction been properly applied, it would have been impossible for the jury to reach the conclusion that appellants' damages amounted to only $16,206.83, a figure which exceeds the net monthly profits in excess of $1,000 for the period from August 1972 to October 31, 1973.

After August 1972, the Tolottis became tenants at sufferance. *See* Baker v. Simonds, 79 Nev. 434, 368 P.2d 86 (1963).

According to the Second Restatement of Property (Landlord and Tenant), § 14.5, at 30 (1977), a landlord is entitled to recover from a tenant at sufferance "for the use and occupation of the leased property during the holdover period at a rate based on the previous rental rate, or on the proven reasonable value independently established if that differs from the previous rental rate."

In the instant case, appellants presented no independent evidence of the reasonable rental value of the property. Therefore, the jury would have been justified in concluding that the damages for wrongful use and occupation of the property by the Tolottis did not exceed the agreed rental rate—net profits in excess of $1,000 per month. *See* Great Atl. & Pac. Tea Co. v. Athens Lodge, 207 S.W.2d 217, 226–228 (Tex.Civ.App. 1947) (error to award more than previous rental rate without independent evidence of change in rental value).

The verdict of the jury in regard to damages was therefore neither "clearly inadequate" nor in "manifest disregard . . . of the instructions of the court."

## C.   *Prejudgment Interest.*

Appellants contend that the jury's award of $2,722.62 in prejudgment interest was clearly inadequate and in disregard of the court's instructions, because it failed to compute interest from the date each payment became due. This contention is also without merit.

The relevant jury instruction provided:

> If you find that the Eikelbergers are entitled to any rent under the sublease, the Eikelbergers are also entitled to recover interest upon such rent from the date each amount of rent became due to the present time at the rate of 7% per annum. In computing any interest you allow, you must also allow, as a credit, all amounts paid by Tolottis to Eikelbergers on the rent. Such amounts shall first be credited to interest that has accrued and the balance then credited to rent.

The instruction, given without objection, called upon the jury to assess such interest only for rent due under the sublease. As noted above, the jury was entitled to find that no rent, as such, was due under the sublease. Therefore, appellants have no argument that *any* prejudgment interest awarded was inadequate, in light of the instruction given.

We conclude, therefore, that appellants have not demonstrated that the award of the jury was inadequate as to rent, damages, or prejudgment interest, or that it was in manifest disregard of the instructions of the court. The verdict, the judgment thereon, and the order of the court denying additur or a new trial are affirmed.

BATJER, C. J., THOMPSON and GUNDERSON, JJ., and FONDI,[1] D. J., concur.