WEAVER BROTHERS, LTD., Appellant, v. LES MISSKELLEY, aka ROY LESTER MISSKELLEY, dba LES MISSKELLEY COMPANY, Respondent.

No. 12938

May 27, 1982                                            645 P.2d 438

*Wayne S. Chimarusti,* Carson City, for Appellant.

*Maurice J. Sullivan,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This action was commenced by appellant Weaver Brothers, Ltd. (Weaver) to recover damages for an alleged breach of a construction contract by respondent Les Misskelley. The jury returned a verdict for Weaver. Misskelley timely moved for a judgment n.o.v. or, in the alternative, for a new trial. The district court denied the motion for judgment n.o.v. but granted a new trial because it believed the jury had disregarded the instructions. This appeal by Weaver challenges that ruling.

Weaver first contends that the district court erred by considering juror affidavits in deciding the motion. We agree. This court has long held that, as a general rule, jurors will not be permitted to impeach their own verdict.[1] Close v. Flanary, 77 Nev. 87, 113-114, 360 P.2d 259, 273 (1961); So. Nev. M. Co. v. Holmes M. Co., 27 Nev. 107, 145-147, 73 P. 759, 762 (1903); *see* Kaltenborn v. Bakerink, 80 Nev. 16, 388 P.2d 572 (1964). Other courts have specifically held juror affidavits inadmissible

---

[1]We have recognized a limited exception to this rule, not applicable here, where the affidavits are offered to show intentional concealment of actual bias or prejudice by jurors during voir dire examination. McNally v. Walkowski, 85 Nev. 696, 462 P.2d 1016 (1969).

to show that the jurors misunderstood the judge's instructions. Santilli v. Pueblo, 521 P.2d 170 (Colo. 1974); *see also* Horn v. Sturm, 408 P.2d 541 (Okla. 1965); Gardner v. Malone, 376 P.2d 651, 654 (Wash. 1962).

Misskelley insists, however, that Weaver waived its objection to consideration of Misskelley's juror affidavit by submitting one of its own. We disagree. Weaver consistently maintained, both in its written authorities and at the hearing below, that consideration of the affidavits was improper. Weaver merely submitted the juror affidavit supporting its position as a means of protecting itself in case the judge considered the affidavit submitted by Misskelley. The district court erred by considering the affidavits, and we decline to consider them in deciding whether a new trial was properly granted.

The main issue presented is whether the district court erred by granting a new trial on the ground that the jury had disregarded its instructions regarding prevention of performance. A new trial may be granted if there has been a "[m]anifest disregard by the jury of the instructions of the court." NRCP 59(a)(5). In determining the propriety of the granting of a new trial under NRCP 59(a)(5), the question is whether we are able to declare that, had the jurors properly applied the instructions of the court, it would have been impossible for them to reach the verdict which they reached. Fox v. Cusick, 91 Nev. 218, 533 P.2d 466 (1975); *see also* Groomes v. Fox, 96 Nev. 457, 611 P.2d 208 (1980); Eikelberger v. Tolotti, 94 Nev. 58, 574 P.2d 277 (1978); Price v. Sinnott, 85 Nev. 600, 460 P.2d 837 (1969).

The record reveals that Misskelley was supervising contractor in charge of construction of Weaver's manufacturing facility in Carson City. Misskelley had the proper contractor's license, but his bid limit was $50,000—too low to permit him to construct Weaver's building. Thereafter, Misskelley petitioned the Nevada State Board of Contractors for a one-time increase in his bid limit to $1,000,000. The board denied Misskelley's application on August 15, 1978. Subsequently, however, the board indicated its willingness to grant a one-time increase if Weaver filed an acceptable indemnification agreement and financial statement. Weaver filed the indemnification agreement, but neglected to submit a financial statement. As a result, no increase in the bid limit was granted. The evidence indicates, however, that both parties ignored the absence of an increased limit.

Meanwhile, Misskelley hired a subcontractor to clear the property and prepare the dirt pad upon which the building was

to be constructed. Weaver presented evidence that Misskelley did not properly supervise the subcontractor. According to Weaver, there was a delay in the excavation and the specifications were not being followed. On December 18, 1978, Weaver fired Misskelley.

In concluding that his jury instructions regarding prevention of performance had been misapplied, the district judge apparently reasoned that, by failing to file a financial statement and by terminating Misskelley's employment, Weaver had prevented Misskelley's performance. We do not believe, however, that the evidence presented mandated this conclusion. The jury may well have found that Weaver's failure to file a financial statement was a minor breach which did not prevent or affect Misskelley's ability to perform because it was ignored by the parties.[2] The jury may have further concluded that Misskelley's failure to supervise the subcontractor properly was a breach of sufficient magnitude to warrant his dismissal and termination of the contract. Therefore, we are unable to declare that it was impossible for the jury, correctly applying the instructions, to have reached the verdict which they reached.

The order granting a new trial is reversed and the verdict of the jury is reinstated.

---

[2]In addition, there is no evidence in the record that the board of contractors or the city interfered with Misskelley's performance because of the bid limit.