ABE JARAMILLO; LAS VEGAS FERTILIZER CO., INC., A NEVADA CORPORATION, APPELLANTS, *v.* LESLIE BLACKSTONE AND AUDREY HELEN BLACKSTONE, RESPONDENTS.

No. 15822

August 20, 1985                                    704 P.2d 1084

*J. Bruce Alverson,* Las Vegas, for Appellants.

*Alan R. Harter,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Respondents Leslie and Audrey Blackstone brought suit against appellants Abe Jaramillo and his employer Las Vegas Fertilizer Company (the Company), claiming that Leslie Blackstone was struck and injured by an automobile driven by Abe Jaramillo and owned by the Company. The jury returned a verdict indicating that Leslie Blackstone had been 63 percent negligent and that Jaramillo had been 37 percent negligent. The Blackstones timely moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial. The district court granted the motion for a new trial, and it is from this order that Jaramillo and the Company appeal.

A new trial may be granted if there has been a "manifest disregard by the jury of the instructions of the court." NRCP 59(a)(5). The standard for granting a new trial on this basis was

recently discussed by this court in Weaver Brothers, Ltd. v. Misskelley, 98 Nev. 232, 645 P.2d 438 (1982), and we stated that "in determining the propriety of the granting of a new trial under NRCP 59(a)(5), the question is whether we are able to declare that, had the jurors properly applied the instructions of the court, it would have been impossible for them to reach the verdict which they reached." 98 Nev. at 234, 645 P.2d at 439; *see also* Groomes v. Fox, 96 Nev. 457, 611 P.2d 208 (1980); Eikelberger v. Tolotti, 94 Nev. 58, 574 P.2d 277 (1978). Consequently, the lower court could have properly granted the motion for a new trial only if it would have been impossible for the jury, properly applying the instructions of the court, to conclude that Blackstone was 63 percent negligent and that Jaramillo was 37 percent negligent.

In the present case, Jaramillo and the Company designated only a partial record on appeal. The record contains the pleadings, motions, instructions, verdicts, and orders. It also contains transcripts of defense counsel's closing argument, defense witness Alfred Bossi's trial testimony, and the proceedings on the Blackstones' motion for a JNOV or new trial. It does not contain transcripts of the trial testimony of any other witnesses. Traditionally, when evidence upon which the lower court's judgment rests is not included in the record on appeal, it is presumed that the record supports the district court's findings. *See* Hampton v. Washoe County, 99 Nev. 819, 672 P.2d 640 (1983). Nevertheless, this court has held that where an appellant makes a prima facie showing of error on a partial record, it becomes the respondents' burden to designate those portions of the trial transcript which would support the lower court's findings. If the respondent fails to meet this burden, this court will reverse the judgment of the lower court. *See* Bates v. Chronister, 100 Nev. 675, 691 P.2d 865 (1984); Driscoll v. Erreguible, 87 Nev. 97, 482 P.2d 291 (1971).

Relying on the testimony of Alfred Bossi, the Chief Traffic Engineer for the city of Las Vegas, the defense established that Leslie Blackstone was struck by an automobile driven by Abe Jaramillo. The roadway upon which the accident occurred consisted of two southbound lanes, a center turn lane, and two northbound lanes of traffic. Blackstone was on the west side of the street and was crossing to the east side in a pedestrian crosswalk. Jaramillo was travelling north in the travel lane which was closest to the center turn lane.

Based on the average pedestrian walking speed and the point of impact, Bossi determined that it took Blackstone 12.6 seconds to

walk the 44 feet from the west curb of the street to the point where he was hit by the automobile. Based on the length of skid marks and the coefficient of friction for Las Vegas roads under wet road conditions, Bossi determined that Jaramillo was travelling 15.5 miles per hour. Travelling at 15.5 mph, it would take someone of Jaramillo's age 2.3 seconds to perceive danger, react to the situation by applying the automobile brakes, and bring the vehicle to a complete stop. In other words, once Jaramillo was 2.3 seconds away from the point of impact, it would have been physically impossible for him to stop the vehicle.

Bossi concluded that when Jaramillo was 2.3 seconds from the point of impact, Blackstone was still in the center turn lane. The theory of the defense was that Blackstone stepped from the center turn lane into the path of the vehicle driven by Jaramillo when it was physically impossible for the vehicle to be stopped prior to impact.

The jury was instructed on contributory negligence, and the right of way of a pedestrian.[1] From the evidence presented by Bossi, it is possible that the jury concluded that Blackstone suddenly left the center turn lane, a place of safety, and walked into the path of the vehicle when it was so close that it was impossible for Jaramillo to stop the vehicle in order to yield to Blackstone. Bossi's testimony indicates that it was not impossible for the jury to conclude that Blackstone was more at fault than Jaramillo and reach the verdict which it did.

On the partial record before the court, we conclude that Jaramillo and the Company made a prima facie showing that the lower court erred in granting the Blackstones' motion for a new trial. Since the Blackstones failed to designate any pertinent

---

[1]The relevant jury instructions provided as follows:

Jury Instruction No. 19:

It is the duty of every person using a public street or highway, whether as a pedestrian or as a driver of a vehicle, to exercise ordinary care at all times to avoid placing himself or others in danger and to use like care to avoid an accident from which an injury might result.

Jury Instruction No. 20:

There was in force and effect at the time of the accident, Nevada Revised Statute 484.325 which states as follows:

When official traffic-control devices are not in place or not in operation, the driver of a vehicle shall yield the right of way, slowing down or stopping if need be so to yield, to a pedestrian crossing the highway within a crosswalk when the pedestrian is upon the half of the highway upon which the vehicle is traveling, or when the pedestrian is approaching so closely from the opposite half of the highway as to be in danger.

*No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield.* (Emphasis added.)

portions of the trial transcript to rebut this showing, we reverse the lower court's order granting the motion for a new trial. This case is remanded to the lower court with instructions that it rule on respondents' motion for attorney's fees and court costs, which the lower court had previously considered moot in light of its order granting the motion for a new trial.