ACP RENO ASSOCIATES, ACP NEVADA HOLDINGS, INC., AND AMERICAN CONTINENTAL PROPERTIES, INC., APPELLANTS, v. AIRMOTIVE AND VILLANOVA, INC., RESPONDENT.

No. 23307

March 24, 1993                                   849 P.2d 277

*Lionel Sawyer & Collins, Pamela G. Roberts* and *Richard W. Horton,* Reno, for Appellants.

*Prezant, Mollath & Costello,* Reno, for Respondent.

## OPINION

*Per Curiam:*

### FACTS

ACP Reno Associates, ACP Nevada Holdings, Inc., and American Continental Properties, Inc. (collectively referred to as "ACP") were embroiled in litigation with Airmotive and Villanova, Inc. ("A&V") concerning a limited partnership agreement entered into by the parties.[1] The issues eventually reaching the jury addressed fraud in the inducement and breach of the partnership agreement.

Prior to deliberation, the district court gave the jury a special verdict form which specifically addressed the issue of fraud. The jury also received two general verdict forms. During deliberations, the jury submitted a written question to the judge regarding the verdict forms.[2] Specifically, the jury questioned the relation-

---

[1] The details of the underlying dispute are not before this court and are not relevant to the issue on appeal.

[2] The handwritten question was:
  Questions for the court:
  The jury has three verdict statements.
  Statement #1 [the special verdict form] has a series of questions (6). A

ship between the special verdict form and the two general verdict forms. The jury apparently believed that a certain answer on the special verdict form would require them to choose one of the general verdict forms over the other.

The judge responded in writing as follows:

> Answer the questions asked on the two page verdict form in accordance with the questions asked on the form.
>
> Date and sign it.
>
> Proceed to the other two verdict forms. Choose the appropriate form.
>
> If you choose for A & V, then you must complete the amount of damages and check yes or no on the punitive damages.

The jury completed the special verdict[3] and returned a general verdict favoring ACP.

Following trial, A&V secured several juror affidavits. The affidavits alleged that due to confusing jury instructions, verdict forms and the judge's answer to the jury's question, the jurors felt that they were not permitted to consider whether there was a breach of the partnership agreement. Accordingly, the jury only deliberated on the question of fraud. Furthermore, the affidavits alleged that had the jury deliberated on the issue of breach, it would have returned a verdict for A&V.

Based on the affidavits and pursuant to NRCP 59, A&V moved for a judgment n.o.v. or, alternatively, a new trial. After reviewing the affidavits, the district court denied A&V's judgment n.o.v. request. The district court found, however, "an irregular-

---

specific answer to any one of the questions may require us to sign and return this verdict.

Statement #2 [general verdict for ACP] is a finding in favor of ACP etc.

Statement #3 [general verdict for A&V] addresses punitive damages.

(1) If our answers to the questions in statement 1 cause us to sign it do we proceed to sign statement #2[?]

(2) If we answer the questions in statement #1 which causes us not to sign it then it appears we must proceed to statement #3. Is this the intention of the court?

[3]The special verdict form stated in part:

We the jury in the above-entitled action, find the following special verdict on the following questions submitted to us on the issue of fraud:

Question No. 1: At the time the partnership agreement was made, did ACP Reno Associates and ACP Holdings intend to perform it:

Answer "yes" or "no".

Answer: Yes

If you answer Question No. 1 "yes", sign and return this verdict. If you answer Question No. 1 "no", then answer Question No. 2. . . .

As indicated, the jury answered Question No. 1 "yes" and hence did not further consider the special verdict form.

ity in the proceedings of the jury sufficient to support a new trial'' under NRCP 59(a)(1), which provides that a new trial may be granted in the event of irregularity in the proceedings of the jury.

The district court recognized that jurors are generally not permitted to impeach their own verdict and that the district court could not consider the affidavits insofar as they revealed the jurors' mental processes. The district court felt, however, that the litigants could use the affidavits to demonstrate what physically transpired—or did not transpire—in the jury room. The district court concluded that because the jury had not deliberated regarding the question of breach, the jury failed to follow the jury instructions and this failure was ''an objective fact capable of ascertainment without regard to the state of mind of any juror.'' Accordingly, the district court granted A&V a new trial on the sole issue of breach of the partnership agreement. ACP appealed. The sole issue on appeal concerns whether the district court properly considered these affidavits when deciding the new trial motion.

## DISCUSSION

The general rule regarding the use of a juror's testimony or affidavit to impeach the jury's verdict was set out by Lord Mansfield in Vaise v. Delaval, 1 Term. Rep. 11 (K.B. 1785).

> The Court cannot receive such an affidavit from any of the jurymen themselves, in all of whom such conduct is a very high misdemeanor; but in every such case the Court must derive their knowledge from some other source, such as some person having seen the transaction through a window or by some such other means.

McNally v. Walkowski, 85 Nev. 696, 698, 462 P.2d 1016, 1017 (1969) (*quoting Vaise,* at 11).

Since 1874, Nevada has generally adhered to Lord Mansfield's rule. State v. Stewart, 9 Nev. 120 (1874); *McNally,* 85 Nev. at 696, 462 P.2d at 1016. This court has, however, departed from the general rule by allowing a juror to impeach the verdict for improper juror conduct.[4] Notwithstanding the few instances of

---

[4]In Barker v. State, 95 Nev. 309, 594 P.2d 719 (1979), we held that a juror's affidavit may be received to show what physically transpired in the jury room. There, the jury foreman had performed independent research and disclosed his findings to the jury. We observed that the affidavits simply relayed ''objective facts, overt and capable of ascertainment by any observer, without regard to the state of mind of any juror.'' *Id.* at 312, 594 P.2d at 721.

In *McNally,* this court permitted consideration of juror affidavits impeaching the verdict because the affidavits reflected a concealment of actual bias by several jurors during voir dire. *McNally,* 85 Nev. at 701, 462 P.2d at 1019.

departure, this court affirms its adherence to the general rule prohibiting the use of juror affidavits to impeach the jury's verdict.

We conclude that the present case is not an instance permitting the utilization of juror affidavits to impeach the verdict. Although A&V argues that the affidavits reveal nothing more than what physically transpired, or, more accurately, what did not transpire, in the jury room, i.e., deliberation on the issue of breach, this case is more accurately described as one involving a jury which simply misunderstood the instructions given it. In Weaver Brothers, Ltd. v. Misskelley, 98 Nev. 232, 645 P.2d 438 (1982), we were faced with a strikingly similar situation. There, the district court, after considering juror affidavits, granted a new trial because it believed that the jury had disregarded its instructions. We reversed, noting that other jurisdictions "have specifically held juror affidavits inadmissible to show that the jurors misunderstood the judge's instructions." Id. at 233-34, 645 P.2d at 439. We take this opportunity to reaffirm this position.

"The decision to grant or deny a motion for a new trial rests within the sound discretion of the trial court and will not be disturbed on appeal absent palpable abuse." Pappas v. State, Dep't Transp., 104 Nev. 572, 574, 763 P.2d 348, 349 (1988). We conclude that the district court abused its discretion by considering the jurors' affidavits. Accordingly, we reverse the district court's decision granting a new trial and remand for entry of judgment in accordance with the jury's verdict.[5]

---

[5]THE HONORABLE CLIFF YOUNG, Justice, did not participate in the decision of this matter.