An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ESTATE OF WILLIAM GEORGE DYER,
Appellant,
vs.
VICKY GUERNIER; DARRELL
GUERNIER; GUSTAVO GRANADOS;
AND ROSA GRANADOS,
Respondents.

No. 62941

**FILED**

FEB 19 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a post-judgment order granting a new trial in a tort action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Appellant the Estate of William George Dyer (the Estate) appeals the district court's grant of a new trial based upon jury misconduct in favor of respondents Vicky Guernier, Darrell Guernier, Gustavo Granados, and Rosa Granados (Respondents).

We conclude that the district court abused its discretion in granting a new trial. *See Nelson v. Heer*, 123 Nev. 217, 223, 163 P.3d 420, 424-25 (2007) (stating that we review a district court's grant or denial of a motion for a new trial for an abuse of discretion). Here, the district court improperly considered the entirety of juror number 10's affidavit. Although the boilerplate language of juror number 10's affidavit and paragraph 5 were admissible, paragraphs 4, 6, and 7 were not because they did not relate objective facts. *See Meyer v. State*, 119 Nev. 554, 563, 80 P.3d 447, 454 (2003) ("[A] motion for a new trial may . . . be premised upon juror misconduct where such misconduct is readily ascertainable from objective facts and overt conduct without regard to the state of mind and mental processes of any juror."); NRS 50.065(2)(a); *ACP Reno Assocs.*

SUPREME COURT
OF
NEVAOA

(O) 1947A

15-05445

*v. Airmotive & Villanova, Inc.*, 109 Nev. 314, 318, 849 P.2d 277, 279 (1993) (holding that "juror affidavits [are] inadmissible to show that the jurors misunderstood the judge's instructions") (internal quotations omitted). Instead of relating objective facts, paragraphs 4, 6, and 7 delved into the prohibited realm of the jury's mental processes, and understanding of the judge's instructions.

Consequently, we conclude that although paragraph 5 establishes that juror misconduct occurred, it is not sufficient to establish that the misconduct was prejudicial. *See Meyer*, 119 Nev. at 563-64, 80 P.3d at 455 (explaining that in order to prevail on a motion for a new trial based on juror misconduct, admissible evidence must establish "(1) the occurrence of juror misconduct, and (2) a showing that the misconduct was prejudicial"). Knowledge that a juror used Google to look up "mitigation of damages" on his phone without any more details, like whether the definition found was even inaccurate, is insufficient to establish prejudice under *Meyer*. 119 Nev. at 564, 80 P.3d at 455 ("Prejudice is shown whenever there is a reasonable probability or likelihood that the juror misconduct affected the verdict."). Therefore, we reverse the district court's grant of a new trial. We also order the district court to reconsider the merits of Respondents' motion for additur.[1] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

---

[1]We have considered the parties' remaining arguments and conclude that they are without merit.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Jerry A. Wiese, District Judge
Eva Garcia-Mendoza, Settlement Judge
Barron & Pruitt, LLP
Richard Harris Law Firm
Marquis Aurbach Coffing
Eighth District Court Clerk