# IN THE SUPREME COURT OF THE STATE OF NEVADA

BARRY JAMES RIVES, M.D.; AND
LAPAROSCOPIC SURGERY OF
NEVADA, LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Appellants,
vs.
VICKIE CENTER; AND THOMAS
CENTER, INDIVIDUALLY, AND AS
THE HUSBAND TO VICKIE CENTER,
Respondents.

No. 79699

**FILED**

APR 28 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment after a jury verdict and order awarding attorney fees and costs in a professional negligence matter. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

Respondent Vickie Center underwent a hiatal hernia surgery that resulted in post-surgery complications, including sepsis that eventually led to the amputation of her feet. Vickie and her husband Thomas Center (collectively, the Centers) filed a medical malpractice action against appellants Barry Rives, M.D. and Laparoscopic Surgery of Nevada, LLC (collectively, Dr. Rives). Also included in the lawsuit were Dr. Abdul-Sami Siddiqui and his business entity, and other physicians involved in Vickie's care. The Centers settled with all defendants except for Dr. Rives and Dr. Siddiqui and their respective business entities. The jury found in favor of the Centers against Dr. Rives, but also in favor of Dr. Siddiqui. The district court subsequently entered an order awarding the Centers their attorney fees and costs.

21-12119

Dr. Rives appeals the final judgment, the award of attorney fees, and the order denying his motion for a new trial. In appealing the final judgment, Dr. Rives argues that the district court erred when it limited his trial testimony, limited the testimony of three defense expert witnesses, and gave a jury instruction on legal cause instead of proximate cause.

*The district court did not abuse its discretion in limiting Dr. Rives's trial testimony*

Dr. Rives argues that the district court erred when it precluded him from testifying about his new causation opinions set forth in his supplemental interrogatory response. We disagree and conclude that the district court did not abuse its discretion in precluding Dr. Rives from giving new causation opinions at trial. *See Hallmark v. Eldridge*, 124 Nev. 492, 498, 189 P.3d 646, 650 (2008) ("This court reviews a district court's decision to allow expert testimony for abuse of discretion."). Because Dr. Rives was not disclosed as an expert witness during discovery, he could not testify to new theories of causation not contained in his treatment records. *See FCH1, LLC v. Rodriguez*, 130 Nev. 425, 433, 335 P.3d 183, 189 (2014) (explaining that a treating physician is exempt from the expert witness report requirements insofar as the physician testifies to opinions made during treatment, but "[w]here a treating physician's testimony exceeds that scope, he or she testifies as an expert and is subject to the relevant requirements"); *see also* NRCP 16.1(a)(2)(D)(ii) (2019) (explaining when a treating physician must comply with the witness report requirement). The theory set forth in Dr. Rives's supplemental interrogatory was not formed during treatment; therefore, in order for Dr. Rives to testify to that opinion,

he was required to conform to NRCP 16.1(a)(2)'s expert witness disclosure requirements.[1]

*The district court did not err in giving a jury instruction on legal cause instead of proximate cause*

Dr. Rives argues that the district court erred when it gave a jury instruction on legal cause instead of his proposed instruction on proximate cause. We agree that the district court erred in giving the wrong jury instruction but conclude this error was harmless. *See MEI-GSR Holdings, LLC v. Peppermill Casinos, Inc.*, 134 Nev. 235, 237-38, 416 P.3d 249, 253 (2018) (reviewing a district court's decision of whether to give a jury instruction for an abuse of discretion, but reviewing de novo whether

---

[1]Although the Centers initially argued that Dr. Rives must provide his after-the-fact causation opinions during discovery, we disagree with Dr. Rives's argument that the Centers' inconsistent position triggers judicial estoppel here, where the record does not suggest that the Centers intentionally engaged in any wrongdoing. *See Marcuse v. Del Webb Cmtys., Inc.*, 123 Nev. 278, 287-88, 163 P.3d 462, 469 (2007) (stating that "judicial estoppel should be applied only when a party's inconsistent position [arises] from intentional wrongdoing or an attempt to obtain an unfair advantage," but "judicial estoppel does not preclude changes in position that are not intended to sabotage the judicial process" (alteration in the original) (internal quotation marks omitted)).

Dr. Rives also argues the district court further erred by wrongfully limiting the testimony of three defense expert witnesses. However, Dr. Rives fails to show that the verdict may have been different but for the errors. *See Hallmark*, 124 Nev. at 505, 189 P.3d at 654 (reviewing "claims of prejudice concerning errors in the admission of evidence based upon whether the error substantially affected the rights of the appellant" such that "but for the error, a different result might reasonably have been expected" (internal quotation marks omitted)). Furthermore, a careful review of the record before us compels our conclusion that any error would have been harmless. *Id.*; *see also Wyeth v. Rowatt*, 126 Nev. 446, 465, 244 P.3d 765, 778 (2010) (stating that harmless error occurs when a party's substantial rights are not affected).

the instruction is accurate under the law); *Wyeth v. Rowatt*, 126 Nev. 446, 464-65, 244 P.3d 765, 778 (2010) (reviewing jury instructions for harmless error).

A proximate cause, or but-for causation, instruction applies when two parties have argued their own mutually exclusive theories of causation "and the cause of the plaintiff's injuries could only be the result of one of those theories." *Wyeth*, 126 Nev. at 464, 244 P.3d at 778. Conversely, a legal cause, or "substantial-factor causation instruction[,] is appropriate when an injury may have had two causes, either of which, operating alone, would have been sufficient to cause the injury." *Id.* at 465, 244 P.3d at 778 (internal quotation marks omitted). Here, the issue at trial was the cause of Vickie's sepsis. The Centers argued that Dr. Rives caused a hole in Vickie's stomach during the first surgery, which in turn led to her development of sepsis. Dr. Rives argued that aspiration pneumonitis caused Vickie's sepsis. Although Dr. Rives set forth other theories as to why there was a hole in Vickie's stomach, Dr. Rives did not argue that the hole was the cause of the sepsis. Thus, the parties' two theories of causation are mutually exclusive—either a hole caused Vickie's sepsis or it did not—and the district court should have given a proximate cause jury instruction.

However, we conclude that this error was harmless. *See id.* (stating that harmless error occurs when a party's substantial rights are not affected and that reversal is not required when the error is harmless); *see also* NRCP 61 (addressing harmless error). Upon review of the record, we further conclude that substantial evidence supports the jury's conclusion that Dr. Rives fell below the standard of care. And, it is unclear how a proximate cause instruction would have changed the outcome of the verdict had it been given, especially considering the fact that the jury attributed

fault solely to Dr. Rives, but none to Dr. Siddiqui. Dr. Rives argues on appeal only that the verdict was close, but he does not provide further analysis or record citations to demonstrate that the jury might reasonably have reached a different result had the district court given the correct instruction. *See Wyeth*, 126 Nev. at 465, 244 P.3d at 778 (stating that a "movant must show that the error affects the party's substantial rights so that, but for the alleged error, a different result might reasonably have been reached"). Therefore, we conclude that reversal is not warranted as this error did not affect the verdict.

*The district court did not abuse its discretion by awarding attorney fees to the Centers*

Dr. Rives argues that the district court's award of attorney fees was erroneous because the Centers failed to properly serve the offer of judgment and because the *Beattie* factors were not satisfied. *See Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983). Under NRCP 68(f)(1)(B), if a party rejects an offer of judgment "and fails to obtain a more favorable judgment[,] . . . the offeree must pay the offeror's post-offer costs and expenses, including . . . reasonable attorney fees." An offer is considered rejected if it "is not accepted within 14 days after *service*." NRCP 68(e) (emphasis added).

We conclude that the district court did not err in finding that Dr. Rives was properly served. *See Logan v. Abe*, 131 Nev. 260, 264, 350 P.3d 1139, 1141 (2015) (stating that when eligibility for a fee award depends on an interpretation of a statue or court rule, the district court's decision is reviewed de novo). Regardless of the agreement between Dr. Rives's out-of-state counsel and his local associated counsel, SCR 42.1(2) specifies that service on local counsel is effective service on out-of-state counsel. Likewise, service on any one of Dr. Rives's attorneys is deemed to be service on Dr.

Rives himself. *See Huckabay Props., Inc. v. NC Auto Parts, LLC*, 130 Nev. 196, 208, 322 P.3d 429, 437 (2014) (determining that "even if only one of two or several attorneys is served with a document, a party represented by the served attorney is deemed to have received notice of the document"). Thus, service on Dr. Rives's associated counsel was sufficient for purposes of NRCP 68, and Dr. Rives is deemed to have rejected the offer of judgment because he did not accept it within 14 days of service. *See* NRCP 68(e).

Additionally, we conclude that the district court did not abuse its discretion in awarding attorney fees under the *Beattie* factors.[2] *See Logan*, 131 Nev. at 266, 350 P.3d at 1143 ("We review an award of attorney fees for an abuse of discretion, and will affirm an award that is supported by substantial evidence." (citation omitted)). The only *Beattie* factor at issue in this appeal is the third factor. Although the district court did not provide specific reasons for finding that Dr. Rives's rejection of the offer of judgment was grossly unreasonable, this is not a per se abuse of discretion. *See id,* (determining that, although preferred, "express findings on each factor are not necessary for a district court to properly exercise its discretion" where substantial evidence supports the award and the district court "demonstrate[s] that it considered the required factors"). Upon careful

---

[2]The *Beattie* factors include whether:

> (1) the . . . claim [or defense] was brought in good faith; (2) the . . . offer of judgment was reasonable and in good faith in both its timing and amount; (3) the . . . decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) the fees sought by the offeror are reasonable and justified in amount.

*Beattie*, 99 Nev. at 588-89, 668 P.2d at 274.

review of the record, we conclude that the district court considered all four *Beattie* factors and that the award was supported by substantial evidence. Importantly, no one factor is determinative. *MEI-GSR Holdings*, 134 Nev. at 246, 416 P.3d at 259. Because the district court found the first factor neutral, and the second and fourth factors in favor of the Centers, the third factor alone is unlikely to change the result. Thus, we conclude that the district court's award of attorney fees was not an abuse of discretion.

*The district court did not abuse its discretion in denying Dr. Rives's motion for a new trial*

Dr. Rives argues that the district court abused its discretion in denying his motion for a new trial because the jury disregarded the instructions of the court by failing to find, in accordance with uncontroverted evidence, and apportion fault to the three settled defendants. More specifically, Dr. Rives argues that one expert, Dr. Robert Savluk, testified at trial that three settled defendants contributed to Vickie's injuries and no expert testified to the contrary. Relying on *Rees v. Roderiques*, 101 Nev. 302, 701 P.2d 1017 (1985), Dr. Rives argues that the jury was *required* to apportion fault to the settled defendants based on the uncontroverted expert testimony.

"The decision to grant or deny a motion for a new trial rests within the sound discretion of the trial court, and this court will not disturb that decision absent palpable abuse." *Edwards Indus., Inc. v. DTE/BTE, Inc.*, 112 Nev. 1025, 1036, 923 P.2d 569, 576 (1996). A district court may "grant a new trial on all or some of the issues" where there has been a "manifest disregard by the jury of the instructions of the court." NRCP 59(a)(1)(E). The question we consider here is whether, "had the jurors properly applied the instructions of the court, it would have been impossible for them to reach the verdict which they reached." *Weaver Bros., Ltd. v.*

*Misskelley*, 98 Nev. 232, 234, 645 P.2d 438, 439 (1982). We conclude that it was not.

This case is distinguishable from *Rees*, where the evidence clearly established fault, the defendant failed to proffer any evidence to the contrary, and the jury's verdict was inconsistent with the evidence. *See Rees*, 101 Nev. at 305, 701 P.2d at 1019. In contrast, this case was a true "battle of the experts." The trial ran 19 days and over a dozen experts testified. Although Dr. Savluk testified that the settled defendants' actions fell below the standard of care and contributed to the injury, other evidence supported that Dr. Rives was wholly to blame for the compensable injury. Thus, the jury's verdict was not "impossible" because the jury could have reasonably found, based on the evidence presented, that Dr. Rives was solely responsible for the compensable injury even if the settled defendants' conduct fell below the standard of care. Moreover, the jury could have disregarded Dr. Savluk's testimony that the settled defendants contributed to Vickie's injuries in some measureable and compensable way. *See, e.g., In re Scott*, 61 P.3d 402, 424 (Cal. 2003) ("The *fact finder* determines the facts, not the experts. Indeed, the fact finder may reject even a unanimity of expert opinion." (internal quotation marks and citation omitted)). In fact, the jury did just that here, as is evidenced by their disregard of Dr. Savluk's testimony against Dr. Siddiqui, when they entered a verdict in favor of Dr. Siddiqui. Therefore, we conclude that the district court did not abuse its discretion by denying Dr. Rives's motion for new trial.

Accordingly, for the reasons set forth above, we

SUPREME COURT
OF
NEVADA

(O) 1947A

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:     Chief Judge, Eighth Judicial District Court
Eighth Judicial District Court, Department 2
Stephen E. Haberfeld, Settlement Judge
Schuering Zimmerman & Doyle LLP
Lemons, Grundy & Eisenberg
Brenske & Andreevski
Eighth District Court Clerk